IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO FIGUEROA,

        Plaintiff,                        No. CIV S-08-1482 MCE EFB

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.                    FINDINGS AND RECOMMENDATIONS
_____/

       Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") terminating his social security disability benefits under the Social Security Act. Since *Patti v. Schweiker*, 669 F.2d 582 (9th Cir. 1982) and *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir.), *partial stay granted*, 463 U.S. 1328 (1983), *emergency application to vacate stay denied*, 464 U.S. 879, the law of this circuit has been well established that Social Security and Supplemental Security Income disability benefits cannot be terminated without evidence of medical improvement. The Commissioner's regulations set out a multiple step process for determining whether, under this controlling standard, disability has ended. Those regulations, however, include certain exceptions to the requirement that the Commissioner show medical improvement to terminate benefits. The termination of benefits here was based on the retroactive application of a medical improvement "exception" and a finding that the earlier

1

decisions[1] finding the plaintiff to be disabled were in error. Thus, the Commissioner concluded that plaintiff's disability had ended as of June 1, 2002.

For the reasons discussed below, the court recommends that plaintiff's motion be granted and this action be remanded for further proceedings.

I. BACKGROUND

On December 10, 1998, plaintiff was found to be disabled as of July 1, 1998. Administrative Record ("AR") 18. Plaintiff thereafter received Supplemental Security Income ("SSI") benefits until his disability was found to have ceased on June 1, 2002. AR 18, 33. The cessation finding was upheld upon reconsideration, and plaintiff requested an administrative hearing. AR 33-34, 48-61. On February 25, 2004, a hearing was held before administrative law judge ("ALJ") Laura Speck Havens. AR 535-50. Plaintiff was represented by counsel and testified at the hearing. *Id.* On May 11, 2004, the ALJ issued a decision, finding that plaintiff's eligibility for SSI ended effective August 30, 2002, the end of the second calendar month in which his disability ceased (June 2002).[2] AR 38-44.

Plaintiff appealed the termination of benefits to the Appeals Council which remanded his case on November 18, 2005. AR 93. Pursuant to the remand order, a second hearing was held on June 8, 2006, again before ALJ Havens. AR 551-71. Plaintiff was represented by counsel at the hearing, and testified at the hearing, along with vocational expert Stephen Schmidt. *Id.* On October 19, 2006, the ALJ issued a decision, finding that an exception to medical improvement applied and that the original finding of disability in 1998 was in error, and that plaintiff's disability ended as of June 1, 2002. AR 20-21, 28.

---

[1] Plaintiff was initially found disabled as of July 1, 1998.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment . . . ." 42 U.S.C. § 1382c(a)(3)(A).

Plaintiff requested administrative review, and on May 15, 2008, the Appeals Council denied plaintiff's request, making the ALJ's decision the final decision of the Commissioner. AR 13, 7-9.

## II. ISSUES PRESENTED

Plaintiff contends the Commissioner erred by (1) improperly applying the medical improvement regulations and concluding that an exception to medical improvement applied retroactively to June 1, 2002; (2) failing to consider plaintiff's diabetes as a medically severe condition and failing to analyze the impact of the condition on his functioning; and (3) failing to comply with the required regulatory analysis for evaluating mental impairments. Dckt. No. 18 at 4.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

3

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

With regard to the issue of medical improvement, "once a claimant has been found disabled, he or she is entitled to a presumption that the disability still exists. The Secretary then has the burden to come forward with evidence of improvement. This evidence must be reviewed under the 'substantial evidence' standard." *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983) (citing *Patti v. Schweiker*, 669 F.2d 582, 587 (9th Cir. 1982) (internal citations omitted)).

## IV. STATUTORY AND REGULATORY FRAMEWORK

In determining whether an award of disability benefits should be terminated at some point, Social Security regulations outline an eight-step sequential process:

> *Evaluation steps*. To assure that disability reviews are carried out in a uniform manner, that decisions of continuing disability can be made in the most expeditious and administratively efficient way, and that any decisions to stop disability benefits are made objectively, neutrally and are fully documented, we will follow specific steps in reviewing the question of whether your disability continues. Our review may cease and benefits may be continued at any point if we determine there is sufficient evidence to find that you are still unable to engage in substantial gainful activity. The steps are:
>
> (1) Are you engaging in substantial gainful activity? If you are (and any applicable trial work period has been completed), we will find disability to have ended (see paragraph (d)(5) of this section).
>
> (2) If you are not, do you have an impairment or combination of impairments which meets or equals the severity of an impairment listed in Appendix 1 of this subpart? If you do, your disability will be found to continue.
>
> (3) If you do not, has there been medical improvement as defined in paragraph (b)(1) of this section? If there has been medical improvement as shown by a decrease in medical severity, see step (4). If there has been no decrease in medical severity, there has been no medical improvement. (See step (5).)
>
> (4) If there has been medical improvement, we must determine whether it is related to your ability to do work in accordance with paragraphs (b)(1)-(4) of this section; i.e., whether or not there has been an increase in the residual functional capacity based on the impairment(s) that was present at the time of the most recent favorable medical determination. If medical improvement is not related to your ability to do work, see step (5). If medical

4

    improvement is related to your ability to do work, see step (6).

    (5) If we found at step (3) that there has been no medical improvement or if we found at step (4) that the medical improvement is not related to your ability to work, we consider whether any of the exceptions in paragraphs (d) and (e) of this section apply. If none of them apply, your disability will be found to continue. If one of the first group of exceptions to medical improvement applies, see step (6). If an exception from the second group of exceptions to medical improvement applies, your disability will be found to have ended. The second group of exceptions to medical improvement may be considered at any point in this process.

    (6) If medical improvement is shown to be related to your ability to do work or if one of the first group of exceptions to medical improvement applies, we will determine whether all your current impairments in combination are severe (see § 404.1521). This determination will consider all your current impairments and the impact of the combination of those impairments on your ability to function. If the residual functional capacity assessment in step (4) above shows significant limitation of your ability to do basic work activities, see step (7). When the evidence shows that all your current impairments in combination do not significantly limit your physical or mental abilities to do basic work activities, these impairments will not be considered severe in nature. If so, you will no longer be considered to be disabled.

    (7) If your impairment(s) is severe, we will assess your current ability to engage in substantial gainful activity in accordance with § 404.1561. That is, we will assess your residual functional capacity based on all your current impairments and consider whether you can still do work you have done in the past. If you can do such work, disability will be found to have ended.

    (8) If you are not able to do work you have done in the past, we will consider one final step. Given the residual functional capacity assessment and considering your age, education and past work experience, can you do other work? If you can, disability will be found to have ended. If you cannot, disability will be found to continue.

20 C.F.R. § 404.1594(f).

    Here, in her October 19, 2006 decision, the ALJ made the following specific findings:

    1. The most recent favorable medical decision finding that the claimant was disabled is the determination dated December 10, 1998. This is known as the "comparison point decision" or CPD.

////

5

> 2. At the time of the CPD, the claimant had the following medically determinable impairment: coronary artery disease. This impairment was found to meet section(s) 4.04C of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)).
>
> 3. The medical evidence establishes that, as of June 1, 2002, the claimant had the following medically determinable impairments: coronary artery disease, hepatitis C, chronic fatigue, and depression.
>
> 4. As of June 1, 2002, the claimant did not have an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).
>
> ***
>
> 5. An exception to a finding of medical improvement applies (20 CFR 416.994(b)(3)(iv)).
>
> According to 20 CFR 416.994(b)(3)(iv), SSA will apply the exception to medical improvement based on error if substantial evidence (which may be evidence on the record at the time any prior determination of the entitlement to benefits based on disability was made, or newly obtained evidence which relates to that determination) demonstrates that a prior determination was in error.
>
> ***
>
> On September 1, 1998, Steven LaViola, M.D., stated that the claimant's EKG stress test was stopped as the claimant had achieved an adequate work load and achieved a maximum [heart] rate of 172 and a maximum systolic blood pressure of 178. Dr. LaViola stated that the EKG stress test showed no ischemic EKG changes. The claimant did not have symptoms.
>
> The severity of the claimant's coronary artery disease did not meet the requirements of listing 4.04C, as the claimant was able to complete an exercise stress test.
>
> There is an exception to the finding of medical improvement.
>
> 6. As of June 1, 2002, the claimant continued to have a severe impairment or combination of impairments (20 CFR 416.994(b)(5)(v)).
>
> The claimant's impairments of chronic fatigue, hepatitis C, and coronary artery disease present as of June 1, 2002 caused more than minimal limitation in the claimant's ability to perform basic work activities.

> The claimant has not met his burden of proving that any mental impairment significantly limited his ability to perform work-related activities for a continuous period of 12 months, or was reasonably expected to significantly limit his ability to perform work-related activities for a continuous period of 12 months, at any time through June 1, 2002. Therefore, it was not a severe impairment.
>
> 7. Based on the impairments present as of June 1, 2002, the claimant had the residual functional capacity to perform the physical exertion and nonexertional requirements of work, except: he could lift and carry up to twenty pounds occasionally and ten pounds frequently; he could stand up to two hours in an eight-hour workday; he could walk up to two hours in an eight-hour workday; he could sit up to six hours in an eight-hour workday; he could push and pull occasionally; he could climb, kneel, crouch, and crawl occasionally; he had to limit exposure to dust, fumes, smoke, temperature extremes, and vibrations.
>
> \*\*\*
>
> 8. The claimant has no past relevant work (20 CFR 416.965).
>
> \*\*\*
>
> 9. On June 1, 2002, the claimant is a younger individual age 18-44 (20 CFR 416.963).
>
> \*\*\*
>
> 10. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 11. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 12. As of June 1, 2002, considering the claimant's age, education, work experience, and residual functional capacity based on the impairments present as of June 1, 2002, the claimant was able to perform a significant number of jobs in the national economy (20 CFR 416.960(c) and 416.966).
>
> \*\*\*
>
> 13. The claimant's disability ended as of June 1, 2002 (20 CFR 416.994(b)(5)(vii)).

AR 19-28.

////

## V. ANALYSIS

Plaintiff contends, *inter alia*, that the ALJ erred by improperly applying the medical improvement regulations. Dckt. No. 18 at 10. Specifically, plaintiff contends that, in addition to making a "complete about-face in the second hearing decision" by concluding for the first time that a medical improvement exception existed, the ALJ erroneously skipped step three of the eight-step sequential process and therefore never determined that a medical improvement occurred; made her determination as to the medical improvement exception with an incomplete record and without substantial evidence in the record to support the decision; erroneously applied the medical improvement exception retroactively in violation of the regulations governing the application of the exception; and incorrectly assumed that she was only considering the time period through the date of the cessation in 2002, as opposed to the date of the decision in 2006. *Id.* at 10-16. Defendant counters that substantial evidence supported the ALJ's conclusion that an exception to a finding of medical improvement applied, and that the ALJ's decision was therefore proper. Dckt. No. 25 at 4-6.

The record clearly demonstrates that the ALJ's analysis went straight from step two (determining that plaintiff did not have an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, Appx. 1) to step four (determining that an exception to a finding of medical improvement applies), without ever considering whether there had been a medical improvement, as required by step three. AR 19-28. Defendant does not dispute that the ALJ committed this legal error. *See generally* Dckt. No. 25 at 4-6. As noted above, the Commissioner's decision that a claimant is not disabled will only be upheld if the findings of fact are supported by substantial evidence in the record *and* the proper legal standards were applied. *Schneider*, 223 F.3d at 973. Additionally, with regard to the issue of medical improvement, "once a claimant has been found disabled, he or she is entitled to a presumption that the disability still exists. The Secretary then has the burden to come forward with evidence of improvement." *Murray*, 722 F.2d at 500. The

ALJ's failure to follow the eight-step sequential process for terminating an award of disability benefits, and failure to consider or determine that a medical improvement occurred, require remand.

Moreover, although the ALJ determined that a medical improvement exception existed because "[t]he severity of the claimant's coronary artery disease did not meet the requirements of listing 4.04C, as the claimant was able to complete an exercise stress test," there is no indication that the ALJ weighed that evidence against any of the other medical evidence in the record or even that the ALJ had all of plaintiff's medical evidence before her. Pursuant to 20 C.F.R. § 416.994(b)(3)(iv), an exception to medical improvement will be applied "if substantial evidence (which may be evidence on the record at the time any prior determination of the entitlement to benefits based on disability was made, or newly obtained evidence which relates to that determination) demonstrates that a prior determination was in error."

The ALJ based her determination on a September 1, 1998 EKG stress test performed by Steven LaViola, M.D., who stated that the stress test was stopped because plaintiff " had achieved an adequate work load and achieved a maximum [heart] rate of 172 and a maximum systolic blood pressure of 178," that the "stress test showed no ischemic EKG changes," and that plaintiff "did not have symptoms." AR 21. However, the ALJ did not consider, when determining that the exception applied, the 1998 conclusion of the state agency physician that Listing 4.04 applied, or any of the underlying records or facts supporting the reconsideration award of benefits in 1998, since those medical documents are not contained in the record. It also appears that the ALJ also did not consider, and did not address, any of the other evidence supporting the December 1998 finding of disability, including the findings of the state agency in 2002 that plaintiff had a heart attack and angioplasty in May 1998; was determined in September 1998 to have reversible ischemia on the inferior wall; underwent a cardiac catheterization and left ventriculography in September 1998 which showed multiple abnormal findings, including a 90-95% elongated lesion in the proximal portion and significant dampening of pressure upon

9

cannulation of RCA; and was found to have severe proximal elongated RCA stenosis in 1998 with additional angioplasty suggested. AR 273. Although defendant contends that plaintiff's "re-weighing of the medical evidence is improper [since] it is the ALJ's province to evaluate and determine the weight of evidence," there is no indication in the record that the ALJ actually did weigh the evidence in reaching her decision. Moreover, although defendant contends that the 1998 EKG stress test alone amounted to "substantial evidence," the undersigned finds otherwise, in light of the discussion above and in light of the fact that in 1998, 2002, and 2004, based on the very same evidence, no medical improvement exceptions were found to apply.

Further, and perhaps more significantly, 20 C.F.R. § 416.994(b)(3)(iv)(D) specifically states that "[t]he exception for error will not be applied retroactively under the conditions set out above unless the conditions for reopening the prior decision (see §§ 416.1488 through 416.1489) are met." Section 416.1488 provides that "[a] determination, revised determination, decision, or revised decision may be reopened – (a) Within 12 months of the date of the notice of the initial determination, for any reason; (b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or (c) At any time if it was obtained by fraud or similar fault." Although defendant contends that the ALJ's decision that an exception to a finding of medical improvement applied was proper since "the ALJ plainly found error based on substantial evidence, resulting in a misapplication of Listing 404C," the ALJ's decision and defendant's summary judgment motion ignore the regulations regarding conditions for reopening prior decisions based on error. Because the exception for error was made eight years after the 1998 initial determination, the exception should only have been applied retroactively if the determination "was obtained by fraud or similar fault." There is no evidence in the record, nor did the ALJ make any findings, that such fraud or fault existed.

////

////

////

In light of these failures by the ALJ, the court does not reach the remainder of plaintiff's arguments and recommends that this action be remanded for further proceedings consistent with these findings and recommendations.[3]

## VI. CONCLUSION

For the stated reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment be granted;

2. The Commissioner's cross-motion for summary judgment be denied;

3. This action be remanded pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings; and,

4. The Clerk be directed to enter judgment for plaintiff in accordance with this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 8, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Although plaintiff requests that the court order that upon remand, the matter "be referred to a different ALJ to ensure impartiality in future proceedings," Dckt. No. 18 at 21, plaintiff has not shown that such an order is necessary.